## SILVER HOOK ROAD *vs.* RAY GREENE.

Delegated power requiring the exercise of judgment or discretion cannot be again dele-
gated.

A subscription agreement to corporate stock provided that subscriptions "should be paid
in by instalments as may be called by a vote of two thirds of the board of directors."
The directors authorized the treasurer to call for the subscriptions in such instalments
as might be needed, &c.:

*Held,* that the calls made by the treasurer under this authority were invalid.

DEFENDANT'S petition for a new trial.

*July* 13, 1878.    MATTESON, J.    This is an action of *assumpsit*
to recover from the defendant the amount of his subscription to
the capital stock of the plaintiff.    The subscription agreement
contained the following clause : "The same," that is the sub-
scriptions, "to be paid in by instalments, as may be called by a
vote of two thirds of the board of directors, to meet the expenses
of building said Silver Hook Road, bridges," &c.

The plaintiff corporation organized under its charter on the
12th of June, 1873, and elected seven directors.    At a meeting
of the directors on the 27th of June, 1873, a committee was ap-
pointed to see upon what terms a contract could be made for
building the road.    This committee reported at a subsequent
meeting of the directors on the 20th of August, 1873, and were
authorized to enter into a contract for the building of the road,
and to draw on the treasurer for funds to pay for the work as it
progressed.    At the same meeting the directors voted that the
treasurer be authorized to call on the subscribers for the amounts
subscribed, in such instalments as might be needed to meet the
necessary expenses of building the road.    The treasurer made
three calls, the first and second for twenty-five per cent. each,
and the third for fifty per cent. of the subscriptions.    The de-
fendant paid no portion of either of these instalments.    Nor was
there any evidence that he ever promised to pay either of them,
or in any manner recognized the calls as valid.

At the trial the defendant requested certain instructions to the
jury, but the court refused to give them, and instructed the jury
to the contrary.    To the refusals to instruct, and to the instruc-
tions given, the defendant excepted.    The jury returned a ver-
dict for the plaintiff, and the defendant filed his petition for a

new trial, based upon his exceptions.    The only exceptions, however, pressed at the hearing, are those which involve the correctness of the instruction, that the directors could delegate their power to make calls to the treasurer, and that the calls by him were valid.

It is a rule of agency, sustained by the uniform current of authority, that a power conferred upon another to do an act which requires the exercise of judgment and discretion cannot be delegated.    Such a power is in the nature of a personal trust or confidence reposed in the agent, perhaps, because of his known character, competency, and ability.    He ought not, therefore, to turn over the execution of the power to another, whose character, competency, or ability are unknown, or if known, might not be satisfactory to the principal.    If, then, the making of calls involves the exercise of judgment and discretion, it follows that the vote of the directors authorizing the treasurer to call upon the subscribers for the amounts subscribed, in such instalments as might be needed, — or in other words, to exercise the discretion conferred upon them, — was a delegation of authority beyond their power to make, and the calls by the treasurer, in accordance with this vote, were invalid and imposed no liability upon the defendant.    Did the making of calls involve the exercise of judgment and discretion?    We think so.    It was the duty of the directors to make no calls till the interests of the corporation required it, to call for no greater instalments than might be needed, and to adjust the times of payment so as to cause as little inconvenience as possible to the subscribers.    Certainly the proper determination of these various matters called for the exercise of judgment and discretion in a greater or less degree.    The fact that the power to make calls is vested, not in the bare majority of a quorum of the directors, but requires the vote of two thirds of their whole number, indicates that the subscribers intended that the directors should exercise their judgment and discretion, and deemed such exercise important, and relied upon it as a safeguard against premature and unreasonable calls.

The plaintiff contended, that even if the calls by the treasurer were unauthorized, they were subsequently adopted by a vote of the directors on the 12th of October, 1874, by which the treas-

urer was authorized to employ such assistance as might be necessary to collect all unpaid subscriptions. Unfortunately, however, for this claim, it appears by reference to the record that this was a meeting, not of the directors, but of the subscribers to the stock, and that four only, less than two thirds, of the directors were present. It does not appear whether they voted for or against the proposition.

We think the instruction was erroneous, and therefore sustain the exceptions and grant the defendant a new trial.

*Petition granted.*